UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WHELEN ENGINEERING COMPANY, INC., : | CIVIL ACTION NO. |
| Plaintiff, : | |
| v. : | |
| CERIDIAN HCM, INC., : | |
| Defendant. : | JULY 26, 2018 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Whelen Engineering Company, Inc. ("Whelen"), through its counsel, for its Complaint against the Defendant allege as follows:

### INTRODUCTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and Fed. R. Civ. P. 57, seeking a declaratory judgment that Whelen has not infringed or interfered with the asserted rights of Defendant in its registered trademarks or otherwise. Whelen, a leading designer and manufacturer of warning lights and beacons for the aviation and automotive industries, and manufacturer of mass notification and warning systems, has developed a new lightbar product line called the Ceridian™ Series Super-LED® Lightbars. Defendant is a global human capital management software company. Whelen has invested substantial capital and resources in the production and marketing of its Ceridian™ Series Super-LED® Lightbars. Defendant has asserted that it is the owner of the registered trademark

6842901v1

"Ceridian" and it has requested that Whelen remove the "Ceridian" name from its new line of lightbars. There is no likelihood of confusion between Defendant's marks and Whelen's Ceridian™ Series Super-LED® Lightbars. Therefore, there exists an actual and justiciable controversy between Plaintiff and Defendant under 28 U.S.C. § 2201 and Plaintiff is in need of a declaration of its rights and a determination that its Ceridian™ Series mark does not infringe any of Defendant's trademark or other rights.

## THE PARTIES

2. Plaintiff Whelen is a Connecticut corporation with a principal place of business at 51 Winthrop Road, Chester, Connecticut.

3. Defendant Ceridian HCM, Inc. ("Ceridian") is a Delaware corporation with a principal place of business at 3311 East Old Shakopee Road, Minneapolis, Minnesota.

## JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the trademark laws of the United States 15 U.S.C. § 1114 and 1125.

5. Subject matter jurisdiction is conferred upon this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 2201, 1331, 1367 and the doctrine of pendant jurisdiction.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and because a substantial part of the property that is the subject of this action is situated in this District.

7. This Court has personal jurisdiction over the Defendant because it has availed itself of the rights and benefits of the laws of Connecticut, has conducted business relating to its purported trademarks in the State of Connecticut, and it has had systematic and continuous business contacts with Connecticut.

## FACTUAL ALLEGATIONS

Whelen Engineering

8. Whelen designs and manufactures reliable and powerful warning lights, white illumination lighting, sirens, controllers, and high-powered warning systems for the automotive, aviation, and mass notification industries worldwide.

9. Every part of every Whelen product is designed and manufactured in the United States and is tested on-site to meet the toughest industry certifications.

10. Founded in 1952 by George Whelen III, Whelen remains a privately owned company with two manufacturing facilities totaling over 800,000 square feet.

11. Whelen began its manufacturing legacy in 1952 when George Whelen III invented the first rotating aircraft "anti-collision" beacon in his garage in Deep River, Connecticut.

12. Whelen has a history of being an innovator in the automotive and aviation beacon industry. Whelen innovations include:

- first in the industry to use strobe light technology;
- release of the first fully enclosed lightbar;
- first use of a fully enclosed lightbar with an aluminum I-Beam lightbar construction; and

3

- introduction of the first all LED lightbar.

13. Whelen currently provides safety lighting products for police, fire, EMT, and department of transportation professionals.

14. Beginning in the 1970's and continuing to today, Whelen introduced and continues to manufacture and sell an Outdoor Warning Siren which is totally electronic and capable of broadcasting not only warning tones but also high-powered voice messages. Whelen's Mass Notification Division has saved lives around the world.

Ceridian HCM, Inc.

15. Defendant is a human capital management software company. Defendant's website claims that its flagship cloud human capital management platform, Dayforce, provides human resources, payroll, benefits, workforce management, and talent management capabilities in a single solution.

16. Defendant claims that its human capital management platform helps organizations manage the entire employee lifecycle, from recruiting and onboarding, to paying people and developing their careers.

17. Defendant is a publically traded company in the United States, trading on the New York Stock Exchange under the symbol CDAY.

18. Defendant is the owner of two United States trademark registrations for a word mark CERIDIAN (registration numbers 1868786 and 2890133).

## THE DISPUTE

19.  On June 30, 2018, Whelen announced the release of its new Ceridian™ Series Super-LED® Lightbars. The Whelen Ceridian™ Series is a new lightbar family featuring an all-new low profile design and a multitude of unique features and options for optimal versatility.

20.  Whelen's Ceridian™ Series Super-LED® Lightbars have many options including smoked domes, clear domes with colored tops, and single LED precision focused take-down and alley lights. Red, blue or amber filters are also available.

21.  Whelen has invested substantial capital and production resources in the development of its new Ceridian™ Series Super-LED® Lightbars product line including for the marketing and advertising of the new product line.

22.  On or about July 3, 2018, and on subsequent occasions, Defendant contacted Whelen, currently a customer of Defendant, to demand that Whelen cease and desist from using the "Ceridian" name on Whelen's new line of lightbars. Defendant also demanded that the name "Ceridian" be "removed" from the new Whelen products.

23.  Whelen has the right to continue using its Ceridian mark for its new series of lightbars and to continue marketing, advertising and selling its Ceridian™ Series Super-LED® Lightbars. There is no likelihood of confusion in the marketplace between Defendant's Ceridian mark relating to human capital management software and Whelen's Ceridian mark for its new series of Super-LED® Lightbars.

24. Based on the foregoing, a justiciable controversy exists between Whelen and Defendant as to whether Whelen's use of "Ceridian" infringes Defendant's trademarks or any related rights.

25. Absent a declaration of non-infringement, Defendant will continue to wrongfully allege that Whelen is infringing Defendant's trademarks and thereby cause Whelen to suffer irreparable injury, damage, and commercial uncertainty regarding any potential liability arising out of its use of the Ceridian mark on its new Ceridian™ Series Super-LED® Lightbars.

## COUNT ONE:  28 U.S.C. § 2201 - Declaratory Judgment of Non-Infringement

26. Whelen repeats and realleges the allegations contained in Paragraphs 1-25 above as if fully set forth herein.

27. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

28. A judicial declaration is necessary and appropriate so that Whelen may ascertain its rights regarding the use of "Ceridian" for its new Ceridian™ Series Super-LED® Lightbars product line.

29. Whelen is entitled to a declaratory judgment that it has not infringed and does not infringe the Defendant's registered trademarks (Registration Nos. 1868786 and 2890133, respectively) or any other valid and existing rights Defendant may have relating to the mark "Ceridian" either under the Lanham Act, 15 U.S.C. §§ 1114 or 1125(a), or otherwise.

WHEREFORE, Whelen requests judgment against the Defendant as follows:

1. Adjudging that Whelen has not infringed and is not infringing, either directly or indirectly, any valid and enforceable trademark right that Defendant has relating to the mark "Ceridian" under federal or state law;

2. A judgment that Defendant and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them, be restrained and enjoined from:

   a. alleging, representing, or otherwise initiating any action or proceeding alleging infringement of any valid and enforceable trademark rights of Defendant; and

   b. seeking to prevent Whelen from using or registering its Ceridian mark;

3. Declaring Whelen as the prevailing party and this case as exceptional, and awarding Whelen its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

4. A judgment that the Defendant be ordered to pay all fees, expenses, and costs associated with this action; and

5. Awarding such other and further relief at law and in equity as this Court deems just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

>PLAINTIFF,
>WHELEN ENGINEERING COMPANY, INC.
>
>By /s/ Glenn M. Cunningham
>   Glenn M. Cunningham
>   Federal Bar No. ct09995
>   Susan S. Murphy
>   Federal Bar No. ct25321
>   Shipman & Goodwin LLP
>   One Constitution Plaza
>   Hartford, Connecticut 06103
>   Tel.: (860) 251-5000
>   Fax: (860) 251-5218
>   Email: gcunningham@goodwin.com
>   Email: smurphy2@goodwin.com
>   Its Attorneys